LEARY, APPELLANT, *v.* MACHESKI ET AL., APPELLEES.

(No. 4568—Decided December 3, 1951.)

*Mr. Harry Mee,* for appellant.
*Mr. Leo P. Frankowski* and *Mr. Robert A. Zanville,* for appellees.

SAVORD, J.   This is an appeal on questions of law from a judgment of the Common Pleas Court, a motion for directed verdict in favor of defendants having been sustained at the close of plaintiff's case.   For convenience, the parties will be designated as they appeared in the trial court.

Three causes of action were set forth in the amended petition of plaintiff.   The first cause pleaded an account stated claimed to have arisen by reason of various loans allegedly made on several occasions by plaintiff to defendants, subject to certain credits accruing to defendants by reason of plaintiff having lived in the home of defendants.   The second cause of action alleged that on or about January 31, 1948, plaintiff loaned the defendants $2,400, which was to be used to pay off an existing mortgage on the home of defendants, the same to be repaid at the rate of $25 per month, and that after allowing credit for certain payments made by the defendants, there remained a balance due upon such loan in the amount of $2,200, with interest from October 1, 1948.   In her third cause of action the plaintiff sought to recover $520 claimed to be owed her by reason of her having sold the defendants certain furniture.

By way of answer, the defendants denied the allega-

tions of the first and third causes of action and with respect to the second cause of action, while admitting the loan to them by plaintiff of the amount of $2,400, alleged that the same had been repaid. All allegations of the answer, other than those constituting admissions of the subject matter of the amended petition, were denied by plaintiff's reply

The record reveals a somewhat unusual factual situation. Plaintiff and defendants had been acquainted for a considerable period of time prior to plaintiff coming to reside with the defendants in September 1947. It is undisputed that during this interval, plaintiff had loaned defendants various amounts of money, though the record is extremely indefinite as to the times of the making of such loans, the amount of the same, and as to just what repayments, if any, were made. Shortly prior to plaintiff taking up her residence with the defendants, she sold a parcel of real estate which she had inherited from her father, receiving as a down payment the sum of $500.

On September 19, 1947, as a result of a visit made by plaintiff and defendant Edna Macheski to the Lucas county bank, a safety deposit box was rented. In all likelihood, because plaintiff's eyesight was seriously impaired, arrangements were perfected whereby each of the parties was to have access to the box. On the same day, plaintiff withdrew $995.20 from her savings account with The Toledo Trust Company. A few days later she received a check in the amount of $5,467.72, representing the balance of the sales price of the real estate previously sold by her. The undisputed testimony establishes that the money represented by the foregoing items and the $500 down payment theretofore received by plaintiff were placed in the box, making a total of $6,962.92 deposited in the box.

Thereafter, according to the records of .the bank, defendant Edna Macheski had access to the box on 13 different occasions between October 10, 1947, and June 25, 1948; defendant Stanley Macheski had access on May 22, 1948, and plaintiff had access on June 16, 1948, June 28, 1948, and June 29, 1948.

Save with respect to several occasions, the record is not clear as to the exact purpose of defendant Edna Macheski availing herself of access to the box, although she testified ''I went several times, put papers in and took papers out, put money in and took money out,'' and that upon occasions the plaintiff wanted money and at such times ''she [the plaintiff] asked me to get it; sometimes she was with me, sometimes she wasn't.''

Defendant Edna Macheski offers definite explanation of the circumstances surrounding three of her visits to the box. One of these occasions was when, with the consent of plaintiff, Mrs. Macheski removed $900 from the box to be employed in the purchase of an automobile by the defendants, which amount it is admitted was later replaced in the box. Another was when, at the request of the plaintiff, $3,000 was withdrawn to enable the former to purchase certain telephone company stock. A third was the occasion when again, with the consent of plaintiff, $2,400 was withdrawn to pay the mortgage on the home of defendants, an amount which, according to the testimony of defendants, was later restored to the box from the proceeds of a new loan negotiated by the defendants.

In June 1948, partly because of certain remodeling work then in course at the Macheski residence, the plaintiff was living with a friend. On June 16, 1948, accompanied by the latter and three other women, plaintiff made an examination of the deposit box. She testified that upon that date $400 was missing from

the box, the amount found therein being $962. The plaintiff testified further that on June 28, 1948, again accompanied by a friend, she returned to the bank and examination of the box showed that it contained $1,362, the $400 having apparently been returned. On that or the following day, the plaintiff removed the $1,362 from the box, retained $62 for personal purposes and deposited $1,300 in a savings account in the Lucas county bank.

It is the contention of the plaintiff that when the amount originally placed in the box is considered, allowance made for the $3,000 withdrawal made for the purpose of purchasing the telephone company stock, and recognition accorded the fact that but $1,362 was found in the box on the occasion of its examination on June 28, 1948, a reasonable inference at least arises that the $2,400 withdrawn from the box by defendant Edna Macheski in June of 1948 was not replaced in the box, that as a consequence such money has not been repaid to plaintiff, and that the trial court should have submitted the issue thus tendered by the plaintiff's second cause of action to the jury for its consideration and determination.

A mere statement of the general rule clearly indicates the duty resting upon the trial court with respect to the motion for a directed verdict in favor of defendants, so far as the second cause of action was concerned.

That rule, along with ample sustaining authority cited, is stated in 39 Ohio Jurisprudence, 792, Section 179, as follows:

"In either case if, by admitting, for the purposes of the motion, all the facts which the evidence, given a reasonable construction in favor of the plaintiff, tends to support or prove, it appears that each fact indispensable to the right of action and put in issue by the pleadings has been supported by evidence with respect

to which ordinary, candid and intelligent men may arrive at different conclusions, or, if undisputed, is such that reasonable minds might draw different inferences or reach different conclusions—if, in other words, under all the facts and circumstances in evidence, there is room for sensible men to differ in their conclusions —the motion must be denied and the case submitted to the jury under proper instructions from the court.''

We recognize that the evidence should be sufficiently substantial to justify a logical mind in drawing therefrom a logical deduction. We just as quickly recognize that a party is not required to support each element of his case by direct proof but rather may rely upon such rational inferences as may be drawn in support of the elements required to be proven.

According to the evidence in this case, construed most favorably to the plaintiff and considering especially the unlimited access to the deposit box enjoyed by the parties together with the difference in the amount of money originally placed therein and the amount found at the time of final examination, we are satisfied that reasonable minds might well have reached different conclusions as to whether or not the $2,400 withdrawal had been replaced, and that plaintiff was entitled to have the issue tendered by her second cause of action submitted to the jury under proper instructions.

The record presented a definite issue with respect to the furniture transaction, the subject matter of plaintiff's third cause of action; an issue which should have been submitted to the jury for determination. Plaintiff testified that with regard to the furniture: ''They [the defendants] told me that they would give me a whole year's room and board for the furniture.'' While this testimony was denied by defendant Edna Macheski, surely the conflict was one to be resolved by the jury.

No evidence of a substantive nature tending to support an account stated as alleged in her first cause of action was offered by the plaintiff, and it follows that the trial court was correct in sustaining the motion for directed verdict as to such first cause of action.

Because of error in sustaining the motion of defendants for a directed verdict as to the second and third causes of action set forth in plaintiff's amended petition, the judgment of the court in favor of defendants with respect to such two causes of action must be reversed and this cause remanded for further proceedings.

*Judgment accordingly.*

FESS and CONN, JJ., concur.